## Gotwals v. Brook Lane Psychiatric Center

C.P. of Fulton County, no. 30 of 1996 C

*John N. Keller,* for plaintiff.
*Michael M. Badowski,* for defendants.

WALKER, *P.J.,* October 20, 1998—

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves a suit for defamation. In her complaint filed on February 5, 1996, plaintiff alleges that on November 7, 1995, defamatory statements were made about her at a meeting between Fulton County Medical Center (FCMC) staff and Mr. Lynn Rushing, a representative of Brook Lane Psychiatric Center. Plaintiff had been employed by Brook Lane from 1979 until October 1995. From 1992 until her resignation, she worked as a clinical social worker and had single-handedly staffed Brook Lane's satellite office at FCMC in McConnellsburg, Fulton County. She left her employment to accept another position at Manito Inc., as a family therapist. The meeting at FCMC was held to determine what services Brook Lane would provide at FCMC after plaintiff's departure.

In discussing whether plaintiff could be hired to perform part-time services at FCMC, Mr. Rushing, as Brook Lane's representative, made the statement that plaintiff was "severely burned out" and that she was "doing the right thing to take care of herself a little bit." He furthermore stated his opinion that plaintiff needed "time to take care of herself, she needs to heal and to regroup a little bit before she can provide." Mr. Rushing also said

that he did not anticipate that Brook Lane would hire plaintiff again, because "it is important for her to have a clean break at least for a considerable period of time." Statements were furthermore made to imply that she could not handle her job while she was there, that she "generated a very large waiting list." Plaintiff further alleges that the FCMC staff understood these statements to mean that she could not presently practice her profession.

A pre-trial conference in this matter was held on August 26, 1998. Trial is set for November 3, 1998. Both plaintiff and defendants filed a motion in limine raising three issues which are the subject of this opinion.

## DISCUSSION

### 1. *Plaintiff's Motion in Limine*

Plaintiff filed a motion in limine requesting this court to exclude a memorandum written by Kristie Palmer, plaintiff's supervisor at Brook Lane. The memorandum was written to Lynn Rushing and includes a reference to a statement made by a "mother of two patients" that plaintiff had contacted her and told her that as long as the two patients received intensive family services in the house, they could not see Kristie Palmer at FCMC. Plaintiff wants to have this memorandum excluded because it constitutes hearsay and plaintiff contends that the writer, Kristie Palmer, will be available to testify at trial. Plaintiff furthermore seeks to exclude any testimony by Kristie Palmer regarding the statement made by the "mother of two patients" about plaintiff, because it constitutes hearsay.

At argument on the motions in limine held on September 21, 1998, counsel for defendants indicated that

he did not intend to use the memo, nor have Kristie Palmer testify regarding the memo. It thus appears that this issue is moot. However, in case defense counsel changes his mind on this issue, it is this court's ruling that he may not introduce the statement itself into evidence, nor present evidence of the statement made by the "mother of two patients" unless he calls that person as a witness.

## 2. *Defendants' Motion in Limine*

Defendants have raised two issues in their motion in limine. First, they seek to exclude the excerpts made from the audiotape of the meeting in issue between FCMC and Brook Lane, because it is not the best evidence of the statements made at the meeting. Secondly, they seek to prevent plaintiff from presenting her claim for punitive damages to the jury, because they argue that the facts as established through discovery do not provide a basis for such claim.

### a. Excerpts of Tape Made at the Meeting

Under the best evidence rule, the original of a recording must be introduced to prove the contents of that recording. Pa.R.E. 1002. However, the original is not required in four circumstances:

"(1) if the original is lost or destroyed;

"(2) if the original cannot be obtained by any available judicial process;

"(3) if the original is in possession of the opponent who was put on notice but did not produce the original; or

"(4) if the recording is merely collateral and not closely related to a controlling issue." Pa.R.E. 1004.

It is clear that the contents of the statements made at the meeting are controlling to the determination of whether defamation exists. Thus, the tape recording is not merely collateral and under the best evidence rule the tape itself must be introduced into evidence, unless one of the other exceptions applies.

Sound recordings may be admitted into evidence even if they are of imperfect quality unless the inaudible portions are so substantial as to render the recording as a whole untrustworthy. *Commonwealth v. Leveille,* 289 Pa. Super. 248, 433 A.2d 50 (1981). In the underlying case, the parties submitted the audiotape from the meeting to this court for review. After listening to the tape, it appears to this court that many portions of the tape are inaudible, although there also are some clearly audible sections. However, this court finds that the inaudible portions are so substantial as to render the tape as a whole untrustworthy. Thus, the original audiotape is not available to be introduced at trial.

This court could not find any case law, nor has counsel provided this court with any authority regarding the issue of what evidence may be admitted when the original of an audiotape exists but is largely inaudible. It appears to this court that the purpose of the best evidence rule is to require parties to prove the contents of a writing or recording by the best means possible, *i.e.* the original. Packel and Poulin, §1001 (1987). However, the exceptions that have been made to this rule were based on a finding that the original was shown to be unavailable through no fault of the proponent. *Id.* It is clear in this case that neither party is at fault regarding the inaudibility of the tape. This court finds the fact that much of the tape is inaudible to be equivalent to the tape having been

destroyed or lost. Thus, this court finds that no original of the recording is available to prove the contents of the meeting, and therefore production of the tape is not required.

When production of the original is not required, the proffering party may present any evidence of the contents, including oral testimony. Comment to Pa.R.E. 1004. This court considered whether plaintiff would be permitted to introduce into evidence the excerpts made of the meeting by Charlene Brady, who attended the meeting. The parties submitted the excerpts to this court for review. They are not a verbatim transcription of the meeting, but rather contain the essence of the discussion, including some direct quotes and summaries of the discussion.

This court finds that the written excerpts themselves are not sufficiently reliable to be admitted into evidence. However, Ms. Brady was present at the meeting and she made the excerpts within a few days of the meeting. She will therefore be permitted to testify regarding her recollection of what was said at the meeting. Furthermore, plaintiff's counsel may use the excerpts to refresh Ms. Brady's recollection. This court believes that this constitutes competent evidence for plaintiff to introduce evidence regarding the contents of the meeting in the absence of the tape itself.

## b. Punitive Damages

Defendants argue that plaintiff should be precluded from pursuing her claim for punitive damages. In order to impose punitive damages in a defamation case, plaintiff must satisfy the "actual malice" test. *Hepps v. Philadelphia Newspapers Inc.,* 506 Pa. 304, 330, 485 A.2d

374, 388 (1984). Actual malice can be established either by proving the publication was made with knowledge of the falsity of its content or with reckless disregard of whether it was false or not. *Hepps,* 506 Pa. at 331, 485 A.2d at 389. Where the evidence does not support a finding that the publication was made with actual malice, the court may properly withdraw that issue from the jury's consideration. *Hepps* at 332, 485 A.2d at 389. However, such withdrawal may take place only in a clear case. *Hepps* at 331, 485 A.2d at 388.

In the underlying case, this court finds that it is not absolutely clear at this time, based on the facts as established in discovery, whether actual malice exists. Therefore, this court will reserve ruling on this issue until the conclusion of trial. At that time, this court will determine whether plaintiff's evidence provides a basis for the imposition of punitive damages, to be determined by the standard set forth above. If this court determines at that time that no such basis exists, it will withdraw that issue from the jury's consideration.

## ORDER

October 19, 1998, upon consideration of the motions in limine filed by both parties, this court enters the following order:

(1) Defendants will not be permitted to introduce into evidence the memo written by Kristie Palmer.

(2) Defendants will not be permitted to introduce into evidence testimony by Kristie Palmer regarding statements plaintiff made to the "mother of two patients" referred to in her written memo; defendants must call that person if they wish to introduce those statements into evidence.

150

(3) The audiotape made of the meeting at issue in this case is found to be unavailable because it is substantially inaudible; plaintiff is permitted to introduce into evidence testimony by Charlene Brady regarding her recollection of what had been said at that meeting. Plaintiffs may not introduce into evidence the excerpts of that meeting prepared by Ms. Brady, but plaintiff may use those excerpts to refresh Ms. Brady's recollection.

(4) This court reserves ruling on the issue of whether the jury may consider the imposition of punitive damages in this case until the conclusion of trial.